**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Alfredo Garcia-Felician, | No. CV-18-00827-PHX-JAT |
| Petitioner, | **ORDER** |
| v. | |
| Jefferson B Sessions, III, et al., | |
| Respondents. | |

Pending before the Court is the Report and Recommendation ("R&R) from the Magistrate Judge to whom this case was assigned, recommending that the Petition and request for injunctive relief in this case both be denied. (Doc. 14). Neither party filed objections to the R&R.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are

not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").

Because neither party objected,

**IT IS ORDERED** that the R&R (Doc. 14) is accepted. The Petition and request for injunctive relief (Doc. 1) is denied. This case is dismissed for lack of jurisdiction, with prejudice,[1] and the Clerk of the Court shall enter judgment accordingly.[2]

Dated this 12th day of February, 2019.

James A. Teilborg
Senior United States District Judge

---

[1] The R&R recommends that the dismissal be with prejudice (Doc. 14 at 8). As indicated above, neither party objected. Typically, when a case is dismissed for lack of jurisdiction, such dismissal is without prejudice. *See generally Paz v. United States Citizenship & Immigration Services,* CV 12-1807 DSF (CWX), 2012 WL 12896200, at *1 (C.D. Cal. Mar. 22, 2012) (dismissing without prejudice so petitioner could file in the appropriate court of appeals). However, a dismissal for lack of jurisdiction should be with prejudice if there is no way to cure the jurisdictional defect in district court. *Mackenzie v. Holder*, ED CV 13-08217-VBF, 2013 WL 8291434, at *5 (C.D. Cal. Nov. 27, 2013). Here, there is no way to cure the jurisdictional defect in district court, but this Court did not reach the merits of the case such that Petitioner should be barred from pursuing his claims in the appropriate court of appeals. Thus, this Court clarifies that this with prejudice dismissal is on the sole issue decided by this Court, which is whether it has jurisdiction. *See Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) ("When the *Rooker–Feldman* doctrine applies, there is only one proper disposition: dismissal for lack of federal jurisdiction. A jurisdictional disposition is conclusive on the jurisdictional question: the plaintiff cannot re-file in federal court. But it is without prejudice on the merits, which are open to review in state court to the extent the state's law of preclusion permits.")

[2] Because this case was filed pursuant to 28 U.S.C. § 2241, no certificate of appealability is required to appeal. *See Forde v. U.S. Parole Comm'n*, 114 F.3d 878, 879 (9th Cir. 1997).